1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JOSE OSVALDO ARTEAGA, | Case No. 2:21-08827 DDP (ADS) |
|---|---|
| Plaintiff, | |
| v. | ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| PEDRO A. CASTELLANOS, et al., | |
| Defendants. | |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, [Dkt. No. 23], Defendants Pedro A. Castellanos, Carlos Flores, and Erika Rios's ("Defendants") Motion for Summary Judgment, [Dkt. No. 88], Plaintiff's Opposition to the Motion for Summary Judgment, [Dkt. No. 102], the Report and Recommendation of United States Magistrate Judge ("Initial Report"), [Dkt. No. 109], and the Amended and Supplemental Report and Recommendation of United States Magistrate Judge ("Amended Report") [Dkt. No. 112].  The Court has also reviewed Defendants' Objections to the Report and Recommendation ("First Objections") [Dkt.

No. 110], as well as Defendants' Reply to Objection to Report and Recommendation ("Second Objections") [Dkt. No. 114] (collectively, the "Objections") and has engaged in a de novo review of those portions of the Initial and Amended Reports to which objections have been made.

Defendants' Objections are overruled. Defendants request that the Court reject the Amended Report as to Defendants Flores and Castellanos and grant summary judgment on Plaintiff's excessive force claim for failure to exhaust.[1] (Second Objections, Dkt. No. 114 at 11.) The Objections argue that Plaintiff failed to administratively exhaust his excessive force claim for two reasons. First, the Initial and Second Objections both argue that Appeal Log No. 122372 did not put the prison on notice of Plaintiff's excessive force allegations. (Id. at 3.) Second, the Second Objections argue, for the first time, that Appeal Log No. 122372 could not have been properly exhausted because it was procedurally defective in that it was untimely and duplicative. (Id. at 8-9, citing Jones v. Bock, 549 U.S. 199, 218 (2007); Griffin v. Arpaio, 557 F.3d 1117, 1120 (2009).)

First, as explained in the Initial Report and Amended Report, the grievances in Appeal Log No. 122372 put the prison on notice of Plaintiff's allegations of excessive force. (Dkt. Nos. 109 at 7, 112 at 2-3.) Second, the Court exercises its discretion and declines to consider Defendants' argument regarding the purported procedural defects, which Defendants asserted for the first time in their Second Objections. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to

---

[1] Defendants do not object to the Amended Report's findings and recommendations regarding the claims against Defendant Rios. [Dkt. No. 114 at 1-2, 11.] Defendants admit that Plaintiff's claim for deliberate indifference to medical needs against Rios for physical health treatment should proceed. [Id. at 11.]

2

a magistrate judge's recommendation"); <u>Brown v. Roe</u>, 279 F.3d 742, 744 (9th Cir. 2002) (acknowledging district court's discretion whether to consider a new argument asserted in objections to a magistrate judge's recommendation). Defendants are represented by counsel. <u>See</u> Howell, 231 F.3d 615 (district court did not abuse its discretion in declining to consider new evidence presented on objections to magistrate judge's recommendation, where party was represented by counsel); <u>Cf.</u> <u>Brown</u> 279 F.3d at 745 (holding district court abused its discretion when it failed consider new arguments asserted in objections by a functionally illiterate, <u>pro se</u> petitioner with a third-grade education). Defendants had access to the entire record of Plaintiff's grievances from the inception of this case and should have asserted all arguments previously. Moreover, the procedural defect argument appears misplaced, given that here, unlike in the line of authority cited by Defendants, the prison did not reject the grievance in Appeal Log No. 122372 for a procedural defect.

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation of United States Magistrate Judge [Dkt. No. 109] and Amended and Supplemental Report and Recommendation [Dkt. No. 112] are accepted;

2. Defendants' Motion for Summary Judgment [Dkt. No. 88] is granted as to the deliberate indifference to medical needs claim for mental health treatment against Rios; and

3. Defendants' Motion for Summary Judgment [Dkt. No. 88] is denied as to the excessive force claim against Castellanos and Flores and deliberate indifference to medical needs claim for physical health treatment against Rios.

Dated: May 6, 2025

_____
THE HONORABLE DEAN D. PREGERSON
United States District Judge